No. 19,438.

THE GAMBILL MERCANTILE COMPANY, *Appellee,* v. J. H. ALLEN, *Appellant,* and MARGARET ALLEN.

SYLLABUS BY THE COURT.

1. ACTION—*Against Husband and Wife—Goods Sold and Delivered to Both—Petition States Cause of Action against Both.* In an action against husband and wife to recover for goods sold and delivered, the petition alleged that defendants purchased and plaintiff sold and delivered to them the goods mentioned, and that the same had not been paid for. A copy of the account attached to the petition showed that the goods were charged to the husband. *Held,* that the petition states a cause of action against both defendants.

2. SAME—*Separate Answer of Wife.* The separate answer of the wife admitted purchasing the goods, but alleged the husband was the head of the family; that the goods were suitable, reasonable and within the means of the husband and were used in the family, and denied her own liability. On appeal by the husband from a judgment against himself alone it is held that the court rightly denied his motion to strike from the wife's answer all but the general denial, and that his objections to her testimony in support of her separate defense were properly overruled.

Appeal from Sumner district court; CARROLL L. SWARTS, judge. Opinion filed July 10, 1915. Affirmed.

*James Lawrence,* of Wellington, for the appellant.

*W. W. Schwinn,* of Wellington, for the appellee.

The opinion of the court was delivered by

PORTER, J.: Plaintiff sued the defendants, who are husband and wife, for merchandise sold and delivered. The case was tried without a jury and the court gave judgment for plaintiff against the husband and judgment for the wife against the plaintiff for costs. The husband appeals.

His principal contentions are that there was no cause of action stated in the petition against the wife, and that the court should have sustained his motion to strike from her answer everything but the general denial, and that she should not have been permitted to testify in support of the statements in her answer. The petition, however, stated a cause of action against both defendants, notwithstanding the account attached as an exhibit to the petition was charged against the husband alone. The petition alleges that the defendants are husband and wife, and that they bought from the plaintiff and plaintiff sold and delivered to the defendants the goods mentioned. The separate answer of Mrs. Allen denied that she was personally indebted to the plaintiff in any sum, and alleged that the parties were husband and wife and that she purchased from the plaintiff all of the goods mentioned in the exhibit except two items; that her husband was the head of the family, and that all the goods purchased by her were taken to the home and used by the family; that the goods were suitable, reasonable and within the rank and means of the husband. She could not well deny the actual purchase of the goods, and she had the right to set up as a defense to the action as against herself that although she purchased the goods the husband, being the head of the family, was liable, and that she was not. Even if the cause had been tried to a jury the objections to her testimony were properly overruled. The plaintiff was well within its rights in offering to show by her that she purchased the goods, the correctness of the account, and that the goods were used in the family.

We find no merit in the contentions raised in the appeal, and the judgment, being supported by sufficient evidence, is affirmed.